IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ISREAL,

    Petitioner,

  v.

MIKE EVANS,

    Respondent.
                             /

No. C 09-01524 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

    This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus."  Petitioner alleges that prison officials violated his constitutional rights by authoring false statements against him, including a "CDCR-128B chrono" placed in his central file on April 22, 2008.  Petitioner has also filed an application to proceed in forma pauperis (IFP) and a request for an evidentiary hearing.

    The petition does not challenge either the fact of Petitioner's conviction or the length of his sentence.  Rather, it goes entirely to the conditions of his confinement.  A federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case.  The habeas petition does not include the information necessary to state a civil rights violation.  It does not link the named respondent to the claim, does not state who actually committed the violation complained of, does not include a prayer for relief, such as damages or injunctive relief or both.  It was not accompanied by the correct filing fee for a civil rights case.  Accordingly, the Court directs Petitioner to file a civil rights complaint on the attached civil rights complaint form, stating his claims for relief, if he wishes to go forward with this action as a civil rights action.  The failure to file a completed civil rights complaint as directed below will result in the dismissal of this action without prejudice.

Before filing his complaint, Petitioner must ensure that he has exhausted all of his administrative remedies.  The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the

2

discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's

3

level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

## CONCLUSION

For the foregoing reasons, Petitioner's case is DISMISSED with leave to amend.  Petitioner must file his complaint no later than thirty (30) days from the date of this Order.  Petitioner must write the case number for this action --  Case No. C 09-01524 CW (PR) -- on the form and complete all sections of the form. Petitioner is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation.  Liability under § 1983 arises only upon a showing of personal participation by the defendant.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no respondeat superior liability under § 1983, i.e. no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Because Petitioner originally filed this case as a habeas corpus action, his IFP application is DENIED without prejudice to filing a new application or paying the full filing fee.  The filing fee for a civil rights action is $350.00.  Petitioner must pay the $350.00 filing fee, or file an application for leave to proceed in forma pauperis (IFP), before this action can proceed.  If Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an

affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id. Accordingly, Petitioner is hereby ORDERED to pay the requisite $350.00 filing fee in this action no later than thirty (30) days from the date of this Order. He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. C 09-01524 CW (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than thirty (30) days from the date of this Order.

    Failure to file a completed civil rights form and to pay the filing fee or file the requisite documents within the thirty-day deadline shall result in dismissal of this action without

5

1 prejudice.

2 The Clerk of the Court shall send Petitioner a blank civil
3 rights form and the Court's prisoner IFP application form along
4 with his copy of this Order.

5 Because the Court is dismissing this action with leave to
6 amend, Petitioner's request for an evidentiary hearing is DENIED.

7 This Order terminates Docket no. 3.

8 IT IS SO ORDERED.

9
Dated: 7/1/09            
10                        CLAUDIA WILKEN
                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ISREAL,

        Plaintiff,

  v.

MIKE EVANS et al,

        Defendant.
                                        /

Case Number: CV09-01524 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Isreal                w/CR form
C-11296
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: July 1, 2009

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk