**United States District Court**
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4              FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8

9  MICHAEL J. ISREAL,                          No. 09-01524 CW

10         Plaintiff,                          ORDER DISMISSING
                                               COMPLAINT
11      v.

12  T. VARIZ, et al.,

13         Defendants.
                                        /
14

15

16      On April 7, 2009, pro se Plaintiff Michael J. Isreal, a state

17  prisoner incarcerated at Salinas Valley State Prison (SVSP), filed

18  a petition for a writ of habeas corpus.  On July 1, 2009, the Court

19  issued an Order of Dismissal with Leave to Amend in which it stated

20  that, although Plaintiff filed his action as a habeas petition, he

21  was attempting to state a claim for a constitutional violation

22  related to his conditions of confinement which must be filed as a

23  civil rights complaint.  The Court instructed Plaintiff that, if he

24  should file an amended complaint, he must name the individuals who

25  violated his constitutional rights and explain what each person did

26  to cause the violation.

27      On July 31, 2009, Plaintiff, in accordance with the Court's

28  July 1, 2009 Order, filed a civil rights complaint against T. Variz

**United States District Court**
For the Northern District of California

1   and Elloy Medina, Correctional Counselors and Appeals Coordinators

2   at SVSP.

3                                DISCUSSION

4   I. Review Under 28 U.S.C. § 1915A(a)

5        A federal court must conduct a preliminary screening in any

6   case in which a prisoner seeks redress from a governmental entity

7   or officer or employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  In its review, the court must identify cognizable

9   claims and dismiss any claims that are frivolous, malicious, fail

10  to state a claim upon which relief may be granted or seek monetary

11  relief from a defendant who is immune from such relief.  <u>Id.</u>

12  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

13  construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

14  (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a

15  plaintiff must allege two essential elements: (1) that a right

16  secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged violation was committed by a

18  person acting under the color of state law.  <u>West v. Atkins</u>, 487

19  U.S. 42, 48 (1988).

20  II. Analysis

21       In his complaint, Plaintiff alleges the following.  Mr. Variz,

22  in his capacity as appeals coordinator, placed a disciplinary

23  report, known as a CDC-128B chrono, in Plaintiff's prison record

24  file (C-file) that falsely stated that Plaintiff had intentionally

25  presented false information to the SVSP litigation coordinator.

26  Plaintiff filed a written request that the CDC-128B chrono be

27  removed from his C-file.  Mr. Medina investigated Plaintiff's

28                                    2

**United States District Court**
For the Northern District of California

1  complaint.  Although Mr. Medina knew the CDC-128B was prohibited,

2  he did not remove it from Plaintiff's file.  Plaintiff seeks $500

3  in damages from each Defendant and requests that the Court order

4  Defendants to remove the disciplinary report from his C-file.

5      A prisoner has no constitutionally guaranteed immunity from

6  being falsely or wrongly accused of misconduct, even if it may

7  result in the deprivation of a protected liberty interest.  <u>Sprouse</u>

8  <u>v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>,

9  808 F.2d 949, 951 (2d Cir. 1986).  Plaintiff merely alleges that

10  Defendants wrongly accused him of misconduct.  Therefore,

11  Plaintiff's complaint does not state a constitutional violation and

12  it is dismissed.

13                            CONCLUSION

14      For the foregoing reasons, Plaintiff's complaint is dismissed

15  under 28 U.S.C. § 1915A.  The Clerk of the Court shall close the

16  case.

17

18      IT IS SO ORDERED.

19

20  Dated: 5/18/2010

21                              CLAUDIA WILKEN
                                United States District Judge

22

23

24

25

26

27

28